**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BETTY ROY CRUMPTON, et al.,                 )
                                            )
                    **Plaintiffs,**          )
                                            )
vs.                                         )
                                            )       **Case No. 11-2492-JAR**
BERNARD F. RICE, M.D., et al.,              )
                                            )
                                            )
                    **Defendants.**          )
_____)

**MEMORANDUM AND ORDER**

This is a suit for damages brought by the surviving wife and adult daughter of Richard C. Crumpton, a 58-year-old man who allegedly died from of a prescription drug overdose brought about by Defendants, three of his treating physicians.  Before the Court is Defendant Jo Jeanne Callaway, M.D.'s Motion to Dismiss Plaintiff Adrian Crumpton from Count II and for a More Definite Statement (Doc. 11).  Plaintiffs have responded, and the Court is prepared to rule. Because a survival action under Kansas law may be brought by the decedent's personal representative only, Defendant's motion to dismiss Adrian Crumpton from Count II is granted. But because Plaintiffs have stated a sufficient claim for relief on Count II, the Court denies Defendant's motion for a more definite statement.

**I.      Motion to Dismiss**

Plaintiff Betty Roy Crumpton is the surviving spouse, and one of two heirs at law, of decedent Richard Crumpton.  She is the personal representative of the Estate of Richard C. Crumpton.  Adrian Crumpton is the adult daughter and other heir at law, of Richard Crumpton.

In the Complaint, Plaintiffs assert a claim under the Kansas wrongful death statute[1] in Count I and under the Kansas survival action statute[2] in Count II.

Defendant Callaway moves to dismiss Adrian Crumpton from Count II of the Complaint because only a decedent's personal representative may bring a survival action.  To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[3]

The Court agrees with Defendant that Adrian Crumpton must be dismissed from the survival action in Count II.  Under the statute,

> [i]n addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.[4]

"A survival action allows the personal representative to recover damages accrued by the injured party between the date of injury and death for the benefit of the decedent's estate."[5]  By contrast, the heirs of a decedent may bring a wrongful death action for loss suffered by the heirs after death.[6]  The Complaint makes clear that Adrian Crumpton is not Richard Crumpton's personal

---

[1]K.S.A. § 60-1901.

[2]K.S.A. § 60-1801.

[3]*Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[4]K.S.A. § 60-1801.

[5]*Mason v. Gerin Corp.*, 647 P.2d 1340, 1343 (Kan. 1982); *see also Marler v. Hiebert*, 960 F. Supp. 253, 253 (D. Kan. 1997); *Hembree v. Tinnin*, 807 F. Supp. 109, 109 (D. Kan. 1992).

[6]K.S.A. § 60-1901; *Marler*, 960 F. Supp. at 254.

representative, although she is an heir to his estate.  Since Adrian Crumpton may not maintain a survival action under Kansas law, her claim in Count II must be dismissed.

## II.     Motion for More Definite Statement

Next, Defendant Callaway moves for a more definite statement as to Count II under Fed. R. Civ. P. 12(e).  Under the rule, a more definite statement may be appropriate when "a pleading to which a responsive pleading is allowed . . .  is so vague or ambiguous that the party cannot reasonably prepare a response."  A motion for a more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[7]  Additional details with respect to the claims should be elicited through the discovery process.[8]  The decision whether to grant or deny such a motion lies within the sound discretion of the court.[9]  Due to the minimal pleading requirements of the Federal Rules, Rule 12(e) motions are generally disfavored by courts and are properly granted only when a party is unable to determine the issues to which a response is required.[10]  Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail.[11]

Defendant argues that the Court should order a more definite statement on Count II of the Complaint because it alleges a "patchwork of claims" that is confusing and that Defendant

---

[7]*Householder v. Cedars, Inc.*, No. 08-2463-KHV-GLR, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008) (citation omitted).

[8]*Id.* (citation omitted).

[9]*Id.* (citation omitted).

[10]*Id.* (citation omitted).

[11]*Ewing v. Direct Sec. Servs.*, No. 07-2299-CM-DJW, 2008 WL 906297, at *1 (D. Kan. Apr. 2, 2008) (citation omitted).

cannot reasonably prepare a response without risking the omission of potential affirmative

defenses.  The Court has reviewed the Complaint and finds that it plausibly sets forth a survival

claim under Kansas law, such that Defendants should be able to craft answers that either admit

or deny the allegations and to state any affirmative defense that may apply.  It is clear from the

motion that Defendant is armed with sufficient information to respond to Count II of the

Complaint and that instead of clarification, she seeks details that are properly elicited through the

discovery process.  Accordingly, the motion for a more definite statement is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jo Jeanne

Callaway, M.D.'s Motion to Dismiss Plaintiff Adrian Crumpton from Count II and for a More

Definite Statement (Doc. 11) is **granted in part and denied in part**.  The motion to dismiss

Adrian Crumpton from Count II is granted, and the motion for more definite statement is denied.

**IT IS SO ORDERED.**

Dated: December 16, 2011

           S/ Julie A. Robinson
           JULIE A. ROBINSON
           UNITED STATES DISTRICT JUDGE